Hugo J. DeASCENTIS, Jr.

v.

Jeffrey PINE, in his capacity as Attorney General of the State of Rhode Island, et al.

No. 98–105–Appeal.

Supreme Court of Rhode Island.

May 28, 1999.

Mary E. Levesque, Middletown, for Plaintiff.

Robert E. Craven, Providence, Joseph J. Nicholson, Newport, Thomas A. Palumbo, St. Charles, MO, for Defendants.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Court for oral argument on May 3, 1999, pursuant to an order entered on September 23, 1998, directing the parties to appear and show cause why the issues raised in the plaintiff's appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by the appeal should be summarily decided.

The plaintiff, Hugo J. DeAscentis, Jr. (DeAscentis), an employee of the Newport Water Department and former member of the Newport School Committee, appeals a Superior Court judgment dismissing his constitutional challenge to G.L.1956 § 17–1–5.1. DeAscentis asserts that the statute, which prohibits municipal employees from holding a municipal elective office in the city or town in which he or she is employed, is violative of his First and Fourteenth Amendment rights by being overbroad and by exempting teachers from the same restrictions to seek and hold municipal office while being employed by the same municipality.

On October 30, 1997, DeAscentis, then both a municipal employee of the City of Newport as well as an elected incumbent member of its school committee, was a candidate for re-election to his school committee office in the forthcoming November 4, 1997 municipal elections. Question had been raised concerning his eligibility to retain his school committee office

while at the same time being employed as a laboratory supervisor in the Newport Water Department in light of § 17–1–5.1 that prohibited DeAscentis from holding both positions. After being apprised of the situation, the state's Attorney General declined to pursue quo warranto proceedings against DeAscentis for allegedly serving illegally on the committee; instead, he decided to forestall any action unless and until DeAscentis was re-elected.

In the meantime, on October 30, 1997, DeAscentis filed a petition in the Newport County Superior Court in which he sought both declaratory and injunctive relief against the defendant public officials. In that petition he alleged that the statute, § 17–1–5.1, was unconstitutionally overbroad and violated his First and Fourteenth Amendment "right to Free Speech," "right to Equal Protection of the law;" and violated the "Rhode Island Constitution's separation of State and Municipal Powers." He sought, by his petition, to enjoin the various defendants from "enforcing RI Gen. Law 17–1–5.1, or from in any manner interfering with or prohibiting [his] candidacy for School Committee or holding of a position upon the School Committee."

In the November 4, 1997 city elections in Newport, DeAscentis failed to win re-election to his school committee office. Accordingly, he could no longer, in any manner, be in violation of the statute in question and could not be subject to any action or penalty against him pursuant to the statute.

Subsequently, on November 28, 1997, the defendant Attorney General moved to dismiss DeAscentis' complaint. On January 27, 1998, another defendant, the Clerk of the Newport Board of Canvassers, joined in the Attorney General's motion to dismiss. On February 2, 1998, a Superior Court justice rendered a bench decision granting the Attorney General's and the

Newport Canvassers' motions to dismiss.[1] The trial justice, in her decision, found that the issue raised by DeAscentis in his petition had, by his failure to win re-election, been rendered moot.

■ We have again recently reiterated our long standing view that "a necessary predicate to a court's exercise of its jurisdiction under the Uniform Declaratory Judgments Act is an actual justiciable controversy." *Sullivan v. Chafee*, 703 A.2d 748, 751 (R.I.1997). We noted also in *Seibert v. Clark*, 619 A.2d 1108, 1110 (R.I. 1993), that while a justiciable controversy may exist at the time of the filing of a complaint, events that may occur after the case filing might very well deprive the plaintiff of an "ongoing stake in the controversy."

Such an event has occurred in this case; namely, DeAscentis' failure to win re-election. That occurrence appears to have prompted the hearing justice to conclude that what may have been a justiciable controversy at the time DeAscentis filed his action no longer existed, and thus, he lost his standing to seek declaratory and injunctive relief. We concur in that finding. We also find no error in the trial justice's reliance upon our holding in *Cranston Teachers Alliance Local No. 1704 AFT v. Miele*, 495 A.2d 233 (R.I.1985), in upholding the constitutionality of § 17–1–5.1.

■ In affirming the rulings made by the trial justice in this case, we take this opportunity to reiterate this Court's long standing persistence in its belief that the right of any qualified person to be eligible to hold public office "is one of the rights included within the ambit of the [F]irst [A]mendment." *Cummings v. Godin*, 119 R.I. 325, 336, 377 A.2d 1071, 1076 (1977). DeAscentis, as an employee of the Newport Water Department, had a clear right to run for the position of school committee member in the November 4, 1997 municipal election. Section 17–1–5.1 provides in pertinent part:

"(a) A municipal employee may hold * * * a municipal elective office provided that no municipal employee may hold a municipal elective office in the city or town in which he or she is employed * * *.

"(b) The provisions of this section shall not apply to school teachers of the individual cities and towns as defined in title 16."

It is clear from the language of this statute that nothing prohibited DeAscentis from being a candidate for political office in the City of Newport's 1997 elections; rather, it merely prohibited him from holding the office to which he might have been elected while at the same time being employed by the City of Newport. Should DeAscentis elect to run for municipal office in the future, and be elected and assume such office, then, if he chooses to retain his employment with the City of Newport, the Attorney General at that time, if he or she chooses, might then file a petition in the nature of quo warranto to test DeAscentis' rightful ability to continue to hold his public office. *See State ex rel. Webb v. Cianci*, 591 A.2d 1193, 1197 (R.I. 1991) (exercising our discretion to hold that "an information in the nature of quo warranto that seeks to vindicate a *public right* cannot be brought in this jurisdiction without the intervention of the Attorney General"). If such a controversy does arise and litigation follows, the result of that litigation, if appealed to this Court, will permit us to then have before us the benefit of a more complete record upon

1. A third defendant, Roger Begin, the Chairperson of the State Board of Elections omitted filing any motion to dismiss until March 1, 1999. Upon that filing, this Court remanded the papers in the pending appeal to the Superior Court in order to permit that court to consider Begin's motion. On March 26, 1999, the hearing justice, without any record decision, granted Begin's motion and, after judgment was entered on March 30, 1999, the case papers were returned to this Court.

which to judge the plaintiff's constitutional challenge.

For the foregoing reasons, the plaintiff's appeal is denied and dismissed as moot. The judgment of the Superior Court is affirmed and the papers in this case are returned to the Superior Court.