DECISION
To avoid unnecessary costs and delay, the above-captioned cases have been consolidated pursuant to Rule 42 (a) for the sole purpose of considering and deciding the constitutionality of G.L. 1956 §9-19-34.1. In each of these medical-malpractice cases, the plaintiffs have moved to strike their respective defendants' affirmative defenses to the extent that each relies upon § 9-19-34.1, which gives defendants in medical-malpractice actions the right to introduce evidence of amounts paid collaterally to a plaintiff as a result of their injury and to have any damages awarded reduced thereby. The Attorney General, after receiving Rule 24 (d) notification, declined to intervene.
To the extent that some of the defendants have chosen to characterize § 9-19-34.1 as an evidentiary rule whose constitutionality ought to be addressed at trial and then only if they choose to utilize its benefits, the court determines that there is nonetheless demonstrated uncertainty among the various parties as to whether § 9-19-34.1 ought apply. As such, the court deems that the various plaintiffs, by moving to strike the § 9-19-34.1 affirmative defenses on constitutional grounds, have essentially sought from the court a declaratory judgment of that section's constitutionality. And since it is clear, notwithstanding some defendants' attempted backtracking, that there is an "actual justiciable controversy" in each action, see DeAscentis v. Pine,729 A.2d 715, 717 (R.I. 1999) ("`a necessary predicate to a court's exercise of its jurisdiction under the Uniform Declaratory Judgments Act is an actual justiciable controversy'"), the court deems it appropriate to decide these motions now. Finally, and by analogy to Rule 15 (b), the pleadings are considered amended to reflect that by implied consent, the parties have sought a declaratory judgment. Thus considered, the court turns to the merits.
Consistent with the reasoning in the attached decision of Reilly v. Kerzer, PC1999-4098, 2000 WL 1273998 (Aug. 8, 2000), the court declares G.L. 1956 § 9-19-34.1 to be unconstitutional, finds the § 9-19-34.1
affirmative defenses to be "insufficient," and grants each plaintiffs' motion to strike. As for those defendants who withdrew their §9-19-34.1 affirmative defense or did not allege § 9-19-34.1 as an affirmative defense but rather sought to utilize it as an evidentiary rule, the court's declaration is nevertheless preclusive.
The court further concludes that there is no merit to the defendants' contention that this justice's decision in Reilly is in direct conflict with the Supreme Court's decision in Flanagan v. Wesselhoeft, 765 A.2d 1203
(R.I. 2001). In Flanagan, the Supreme Court observed that the legislative findings contained in P.L. 1986, ch. 350 indicate that "there was a rational basis in seeking to protect the viability of a state-sponsored agency created to provide malpractice insurance for physicians and other health care providers," id. at 1211, and that those findings are entitled to deference from the Court. In Reilly, this justice similarly gave full credit to the legislative findings contained in P.L. 1986, ch. 350, as well as to the legislature's clear intent to stabilize the Joint Underwriting Association. In Flanagan, the Supreme Court never reached the question of the constitutionality of the statute there at issue, G.L. 1956 § 9-21-10 (b), because the question was not preserved. On the other hand, in Reilly, this justice applied a detailed equal-protection analysis and determined that the effect of a different statute, § 9-19-34.1, was irrelevant to the legislative purposes behind its enactment and was in contravention of the legislative intent. Nowhere in Reilly did this justice suggest that the legislative findings contained in P.L. 1986, ch. 350 did not indicate that there was not a rational basis in seeking to protect the validity of a state-sponsored agency created to provide malpractice insurance for physicians and other health care providers or that those findings were not entitled to deference from the court. Furthermore, albeit without undertaking a thorough equal-protection analysis with respect to § 9-21-10 (b), it can be argued that the broader economic effect of that statute, at least facially, furthers the legislative purposes set out in P.L. 1986, ch. 350 — unlike § 9-19-34.1's stand-alone remedy of spreading risk to a limited number of insurance carriers through the use of an evidentiary rule.
Likewise, the court concludes that this justice's decision in Reilly does not conflict with her prior ruling in Quinn v. Tien, PC 1999-4302, 2000 R.I. Super. LEXIS 45 (June 12, 2000). The statute at issue in Quinn was G.L. 1956 § 9-2-19, which provides for accelerated status for medical-malpractice cases. Acceleration pursuant to § 9-2-19 has broad objectives and innures to everyone's benefit. The right to accelerate is available to any party and the obvious purpose of the statute was to dovetail with § 9-21-10 in a scheme to significantly reduce overall damage awards across the board. It was in Quinn that this justice first recognized the legitimate legislative objectives in protecting the viability of a state-sponsored agency created to provide malpractice insurance for physicians and other health care providers. And, with respect to this justice's reluctance to take judicial notice of changing times and conditions, it should not be ignored that the changing-times-and-conditions argument urged in that case included no meaningful statistical analysis. Nor did the movants in Quinn point to things generally known and readily ascertained which would legitimately support the conclusion that the broad and indiscriminate (among parties) purpose drawn by § 9-2-19 lacked any rational basis. Finally, the changing-times-and-conditions analysis relied upon in Reilly was secondary to the court's implicit determination that the collateral-source rule was unconstitutional when enacted. In Quinn, this Justice determined that the movants had not carried their burden of demonstrating the unconstitutionality of the section.
Counsel shall prepare appropriate orders for entry in each of the consolidated cases.